JS-6 – O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7457 AHM (FFMx) | Date | November 20, 2009 |
|---|---|---|---|
| Title | ROBERTO CORTES v. BANK OF AMERICA, N.A. et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

On September 9, 2009, Plaintiff Roberto Cortez filed the Complaint in this case in the Superior Court of California for the County of Los Angeles.  The Complaint alleges five causes of action against Defendants Bank of America, N.A.; First Magnus Financial Corporation; New Century Title Company; Mortgage Electronic Registration Systems; Inc.;and JP Morgan Chase Bank, N.A. ("JP Morgan") in connection with a foreclosure proceeding on Plaintiff's residence.

On October 14, 2009, Defendants filed a Notice of Removal, alleging federal question jurisdiction under 28 U.S.C. § 1331.  On October 21, 2009, Defendant JP Morgan filed this motion to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Plaintiff has not filed an opposition.

The Complaint alleges a total of five claims for (1) violation of Cal. Civ. Code § 1632; (2) violation of Cal. Bus. & Prof. Code § 17200; (3) unjust enrichment; (4) failure to produce an accounting; and (5) failure to produce the original note.  The only federal claims referred to in the Complaint are found in a single paragraph under the first claim for violation of Cal. Civ. Code § 1632.  This paragraph states that Defendants

> have engaged in deceptive loan practices with respect to Plaintiff, in knowing violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C., Section 1637, and the Truth in Lending Action [sic] ("TILA"), 15 U.S.C. Section 1601-1667f, and Federal Reserve, Regulation-Z, 12 CFR 226.23(a)(3), and the Federal Trade Commission Act ("FTC"), 15 U.S.C. Sections 41-58.  The full details of these violations are presently unknown to Plaintiff, however, when these

JS-6 – O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7457 AHM (FFMx) | Date | November 20, 2009 |
|---|---|---|---|
| Title | ROBERTO CORTES v. BANK OF AMERICA, N.A. et al. | | |

    facts are ascertained through discovery and investigation, this complaint will be amended with leave of court to allege those facts.

Complaint ¶ 41. In addition to these federal claims, the first cause of action under Cal. Civ. Code § 1632 contains numerous other state law claims. *See id.* ¶ 33 (unconscionability); ¶ 39 (violation of California's Predatory Lending Law, Fin. Code § 4970 *et seq.*).

    A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996). Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987). A federal court has jurisdiction over claims "arising under" federal law. 28 U.S.C. § 1331. The federal question must be clear from the well-pleaded complaint; a responsive pleading such as a counterclaim, cross-claim, or third-party claim cannot form the basis for federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002); *see also* 2 Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 704.5 (The Rutter Group 2004). A court may *sua sponte* remand a case to state court for lack of subject matter jurisdiction without briefing or hearing if the lack of jurisdiction is clear. *Cooper v. Washington Mut. Bank*, 2003 WL 1563999 (N.D. Cal. 2003); 2 Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 1092 (The Rutter Group 2004).

    In this case, the Complaint does not present a federal question. Cortes's references to HOEPA, TILA, and the Federal Trade Commission Act in his first and second claims under Cal. Civ. Code § 1632 and Cal. Bus. & Prof. Code § 17200 do not present claims that "arise under" federal law. In determining whether federal jurisdiction attaches to a state law claim that is predicated on violations of federal law, a court must examine whether the "state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.,* 80 F.3d 339, 346 (9th Cir. 1996). *See also Ricano v. Aurora*

JS-6 – O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7457 AHM (FFMx) | Date | November 20, 2009 |
|---|---|---|---|
| Title | ROBERTO CORTES v. BANK OF AMERICA, N.A. et al. | | |

*Loan Servicing*, No. CV 09-1989-SJO, 2009 WL 1096042 (C.D. Cal. April 22, 2009) (federal jurisdiction does not attach where state-law claim for predatory lending could be supported by "alternative and independent" state law theories); *California v. H&R Block, Inc.*, No. C06-2058-SC, 2006 WL 2669045 (N.D. Cal. Sept. 18, 2006) (incorporation of TILA violation into claim for violation of § 17200 does not "arise under" federal law). Because Cortes' state law claims can be supported by alternate and independent state law theories, they do not necessarily depend on resolution of an actual and disputed federal issue. Moreover, the federal issues raised in Cortes' claims—all of which are state law causes of action—do not reach the level of substantiality to support the exercise of federal jurisdiction. *See Grable*, 545 U.S. at 314 ("[T]he presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction.").

Accordingly, this Court lacks jurisdiction over Plaintiff's claims and *sua sponte* REMANDS them to Los Angeles County Superior Court.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

This Order is not intended for publication or for inclusion in the databases of Westlaw or LEXIS.

|  | : |
|---|---|
| Initials of Preparer | SMO |

**JS-6**